Dear Representative McCorkell,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
May the Tulsa County Fairground Trust Authority enter into a contractwith a private, non-profit corporation to have full and exclusiveresponsibility for producing, promoting and controlling the annual StateFair?
The Tulsa County Fairground Trust Authority is a public trust created pursuant to 2 O.S. 157.1[2-157.1] et seq. (1971) which authorizes the establishment of agricultural expositions and fairs in accordance with the manner provided by statute. Section 157.2 specifies the method of establishment. The Board of County Commissioners by resolution entered of record discloses its intention to establish such an exposition and fair within the county. 2 O.S. 157.3 empowers the county commissioners to lease the grounds, buildings and facilities of the county for the purpose of conducting annual agricultural and industrial fairs and expositions to a Public Trust Authority created pursuant to 60 O.S. 176[60-176] et seq. (1977) and continues:
 ". . . such Public Trust Authority shall have all rights, powers, authority, duties and responsibilities which are now or hereafter provided by general law for Public Trusts in Oklahoma (60 O.S. 176-60 O.S. 180.3 (1961) as amended, and the Oklahoma Trust Act, 60 O.S. 175.1 — 60 O.S. 175.53 (1961), as amended) which are not inconsistent with the provisions of this Act. . ."
Title 60 O.S. 176 (1976) permits the creation of express trusts for the furtherance of any authorized and proper function designating the state, or any county or municipality as the beneficiary. Express approval of two-thirds of the membership of the governing body is required if a county or municipality is designated as beneficiary. 60 O.S. 177 establishes the mode of creation and acceptance. 60 O.S. 177.1 provides:
 ". . . no public trust shall engage in any activity or transaction that is not expressly authorized in the instruments or articles prescribing its creation except by express consent of the governmental agency or governmental entity that created said public trust." Emphasis added
Tulsa Exposition and Fair Corporation v. Board of County Commissioners, 468 P.2d 501 (Okla. 1970), arose out of a declaratory judgment determining that a lease of property executed by the Board of Commissioners of Tulsa County to the Tulsa Exposition and Fair Corporation was invalid. On appeal, Tulsa Exposition and Fair Corporation argued that statutory authority for Tulsa County to execute the lease in question was not express prohibited in a statute conferring general powers upon the counties. The Supreme Court of Oklahoma affirmed the judgment of the trial court. In rejecting the argument of the Exposition and Fair Corporation, the Court stated:
 "Counties have only such authority as is granted by statute . . . The Board of County Commissioners in exercising corporate powers is limited to those fields expressly assigned to such subdivisions of the state by the legislature . . . Public officers possess only such authority as is conferred upon them by law and such authority must be exercised in the manner provided by law. Brown v. State Election Board, Okla., 369 P.2d 140; Shaw v. Grumbine, 137 Okla. 95, 278 P. 311; National Surety Company v. Sand Springs State Bank, 74 Okla. 176, 177 P. 574.
 ". . . Boards of County Commissioners derive their powers and authority wholly from the statutes, and acts performed by them must be done pursuant to authority granted by valid legislative action. State ex rel. Tharel v. Board of Commissioners of Creek County, 188 Okla. 184, 107 P.2d 542.
 "Under the terms of the lease in question, the defendant County Commissioners granted and delegated to a private charitable corporation, the management control, maintenance and operation of an exposition and fair on improved real property belonging to the county. . .
 "While we deem it unnecessary to decide whether 19 O.S. 1 (1961) as a general proposition authorizes counties to lease lands owned by them, in our opinion the statute does not authorize the county commissioners to enter into the lease agreement under consideration . . ." 468 P.2d 507, 508. Emphasis added
The powers vested in the Tulsa County Fairground Trust Authority are derivative and cannot be enlarged beyond those conferred by the county commissioners. 60 O.S. 177.1 (1971). The county commissioners are prohibited under Tulsa Exposition and Fair Corporation v. Board of County Commissioners, supra, from conferring any power not expressly authorized by statute. No statutory provision discovered authorizes a trust authority to contractually delegate its responsibilities to a private, non-profit corporation. Delegatus non potest delegare. A public trust created for the purposes set forth in 2 O.S. 157.1[2-157.1] et seq. (1971) does not have the statutory authority to delegate managerial control under the disguise of a sublease.
It is, therefore, the opinion of the Attorney General that yourquestion be answered in the negative. The Tulsa County Fairground TrustAuthority may not enter into a contract with a private, nonprofitcorporation to have full and exclusive responsibility for producing,promoting and controlling the annual Tulsa State Fair.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN PAUL JOHNSON, ASSISTANT ATTORNEY GENERAL